Hakob Sar CHURCHIAN, aka Hakop
Cherichian, Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 06–74294.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 15, 2007.

Filed Aug. 31, 2007.

Evangeline G. Abriel, Esq., Minal Bela-
ni, Law Student, Destiny Umbenhower,
Law Student, Santa Clara University Law
School, Santa Clara, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office
of the District Counsel Department of
Homeland Security, San Francisco, CA,
District Counsel, Office of the District
Chief Counsel U.S. Department of Home-
land Security, Phoenix, AZ, DOJ—U.S.
Department of Justice Civil Div./Office of
Immigration Lit., Jeffrey L. Menkin, U.S.
Department of Justice Civil Division,
Washington, DC, for Respondent.

Before: PREGERSON, SILER,* and
McKEOWN, Circuit Judges.

* The Honorable Eugene E. Siler, Jr., Senior
United States Circuit Judge for the Sixth Cir-
cuit, sitting by designation.

MEMORANDUM **

Hakob Sar Churchian is a thirty-five-year-old native and citizen of Azerbaijan. He is of mixed Azeri–Armenian heritage. The United States granted Churchian asylum on October 2, 2004. On October 18, 2004, a California court convicted Churchian of two offenses: burglary and sexual battery of a minor.

On December 14, 2005, the government notified Churchian of its intent to revoke his asylum status. Churchian was issued a Notice to Appear on December 15, 2005, charging him with being subject to removal under 8 U.S.C. § 1182(a)(2)(A)(i)(I) as an alien who has been convicted of a crime involving moral turpitude.

Churchian filed a renewed asylum application, and the IJ held a hearing on April 12, 2006. At the hearing, Churchian sought asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). The IJ denied asylum and withholding but granted CAT relief. The government appealed the IJ's grant of CAT relief. Churchian did not appeal the denial of asylum or withholding of removal. On August 15, 2006, the Board of Immigration Appeals ("BIA") granted the appeal. Churchian timely appealed the BIA's order.

We have jurisdiction pursuant to 8 U.S.C. § 1252, and we grant his petition.

To obtain CAT relief, a petitioner must prove that it is more likely than not that he would be tortured if removed to the proposed country of removal. 8 C.F.R. § 1208.16(c)(2). Courts use a multifactor test to assess if the totality of the circumstances indicate that it is more likely than not that an applicant will be subjected to torture if removed. Specifically, courts consider:

> (i) Evidence of past torture inflicted upon the applicant; (ii) Evidence that the applicant could relocate to a part of the country of removal where he or she is not likely to be tortured; (iii) Evidence of gross, flagrant or mass violations of human rights within the country of removal, where applicable; and (iv) Other relevant information regarding conditions in the country of removal.

8 C.F.R. § 1208.16(c)(3). Evidence of past torture that causes "permanent and continuing harm" alone may be enough to establish automatic entitlement to CAT relief. *Mohammed v. Gonzales,* 400 F.3d 785, 802 (9th Cir.2005).

■ The BIA erred in its analysis of Churchian's CAT claim. The BIA overlooked the relevancy of past torture in determining eligibility for CAT relief. Additionally, the BIA failed to conduct an individualized analysis of country conditions. *See Nuru v. Gonzales,* 404 F.3d 1207, 1217–18 (9th Cir.2005) (holding that an "individualized analysis" of country conditions is required for determining eligibility for CAT relief). For example, the BIA's suggestion that Churchian could relocate to Nagorno–Karabakh ignored the fact that Churchian is of mixed race and would face danger in that region based on his Azeri heritage.

■ Churchian also seeks to appeal Immigration Judge Sean Keenan's denial of withholding of removal despite the fact that Churchian did not appeal that denial to the BIA. This court may review a final order of removal only if "the alien has exhausted all administrative remedies available to the alien as of right." 8

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

U.S.C. § 1252(d)(1); *see also* 8 U.S.C. § 1105a(c) (repealed 1996). An applicant's failure to raise an issue to the BIA generally constitutes a failure to exhaust, thus depriving this court of jurisdiction to consider the issue. *See Vargas v. INS,* 831 F.2d 906, 907–08 (9th Cir.1987).

Churchian failed to exhaust his withholding claim when he failed to appeal it to the BIA. The government's brief discussion of withholding in the context of describing the procedural posture of the case is not sufficient to exhaust a petitioner's claim where the BIA did not consider the claim.

For the foregoing reasons, we GRANT Churchian's petition regarding CAT relief and REMAND to the BIA for further proceedings consistent with our opinion. The petition regarding withholding of removal is DENIED.

GRANTED in part. DENIED in part. REMANDED.